

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

OCT 07 2005

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

JEANETTE TUBBS, Individually and
As Administratrix of the Estate of
Juanita Velma Lee, deceased, and on
Behalf of All Wrongful Death Beneficiaries                    PLAINTIFF

Vs.                                    Case No. CIV-05 2143

ST. EDWARD MERCY MEDICAL CENTER;
COOPER CLINIC, P.A.;
MOHSEN KEYASHIAN, M.D;
And JOHN DOES 1-5                                              DEFENDANTS

## COMPLAINT

COMES NOW the Plaintiff, Jeanette Tubbs, Individually and as Administratrix of the Estate of Juanita Velma Lee, deceased, and on behalf of all wrongful death beneficiaries of Juanita Velma Lee, by and through her attorneys Gary L. Brooks of Gary L. Brooks & Associates and Bennett S. Nolan and Bill D. Reynolds of Nolan, Caddell & Reynolds, P.A., and for her cause of action against all Defendants state:

I.

Plaintiff is a resident and a citizen of the State of Oklahoma and the Estate is being probated in the State of Oklahoma. The Defendants are citizens and residents of the State of Arkansas. All actions complained of herein took place in Fort Smith, Arkansas. This Court has jurisdiction over the parties and subject matter hereto and venue is proper.

II.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, as the Plaintiff and all Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00 exclusives of interest and costs.

III.

Plaintiff is the duly appointed Administratrix of the Estate of Juanita Velma Lee (hereinafter referred to as Mrs. Lee). The District Court of Sequoyah County, Oklahoma appointed Plaintiff on April 2, 2004 in case number P-04-35 and Letters of Administration were issued to Plaintiff authorizing her to act on behalf of the Estate.

IV.

Plaintiff, as Administratrix of the Estate of Mrs. Lee, in addition to representing herself and Ms. Lee's Estate, also represents all statutory wrongful death beneficiaries of Mrs. Lee. Those persons are as follows:

(1) Herbert D. Lee, surviving spouse
(2) Leatrica Mae Davis, surviving daughter
(3) Herbert E. Lee, surviving son

V.

The separate Defendant, St. Edward Mercy Medical Center (hereinafter referred to as "St. Edward"), is a domestic corporation organized under the laws of the State of Arkansas and it owns and operates a hospital in the City of Fort Smith, State of Arkansas under it's corporate name of St. Edward Mercy Medical Center. The registered agent for St. Edwards is Eileen C. Kradel, 7301 Rogers Avenue, Fort Smith, Arkansas 72901.

VI.

Cooper Clinic, P.A. is a domestic corporation organized under the laws of the State of Arkansas and operates a medical clinic in the City of Fort Smith, State of Arkansas under its corporate name of Cooper Clinic, P.A. The registered agent for Cooper Clinic, P.A. is R.P. Jack Davidson, M.D., 6801 Rogers Avenue, Fort Smith, Arkansas 72903.

VII.

Moshen Keyashian, M.D. is a physician licensed to practice medicine in the State of Arkansas and was, in fact, practicing medicine individually and on behalf of Cooper Clinic, P.A. during all relevant times herein in Fort Smith, Arkansas. Dr. Keyashian as an employee, agent or representative of Cooper Clinic, P.A. at all times relevant herein.

VIII.

John Does 1 through 5 represent the individuals and/or entities having a duty subjecting them/it to liability as a separate judicial entity for the acts of negligence alleged to have occurred herein. Plaintiff will amend her Complaint herein, if necessary, to specifically name the proper individual Defendants as they are further identified. An Affidavit is attached hereto as Exhibit "A" in accordance with A.C.A. §16-56-125.

IX.

Mrs. Lee was involved in an automobile accident on October 10, 2003, in which she fractured her right humerus, radius and ulna. She was admitted to St. Edward Mercy Medical Center under the care of Dr. Robert Bebout for repairs to her arm. Dr. Bebout successfully repaired her arm via an open reduction and fixation of her fractures on October 12, 2003.

X.

On October 13, 2003 Mrs. Lee began postoperative physical therapy. During her first physical therapy session she began to feel woozy and became dizzy at 1015. At 2000 on the same evening, Mrs. Lee's oxygen saturation dropped to seventy-five percent (75%). She was placed on three liters of oxygen per nasal cannula pursuant to doctor's orders.

XI.

On October 14, 2003 Mrs. Lee again attempted to comply with the physical therapy prescribed by her physicians. While attempting to walk, Mrs. Lee became dizzy/passing out. The nurse's note at 0945 on October 14th reflected that Mrs. Lee became diaphoretic, dizzy and weak. Mrs. Lee also became hypertensive and her blood pressure registered 195/72 with a tachycardia pulse rate of 101 and a hyperglycemic blood sugar of 326. Her oxygen saturation rate remained about ninety percent (90%). However, her speech was noted to be slowed and slightly slurred. The nursing staff paged her physician, Dr. Keyashian at 0945 and an order at 1000 was made for a chest x-ray and EKG – "NOW." At 0955 Mrs. Lee was again noted to be diaphoretic, her eyes rolling back into her head and she failed to respond to verbal or physical stimulation. Nurses noted Mrs. Lee became non-responsive. This episode lasted approximately

30 or 45 seconds during which time her oxygen saturation dropped to eighty-nine percent (89%). At 1019 the EKG ordered by Dr. Keyashian was performed with an abnormal result suggesting a possible septal injury. There is no evidence Dr. Keyashian was notified of these results or that he made any attempt to obtain the results of the EKG. Mrs. Lee did not see a physician and received no medical attention until approximately 1300 at which time Dr. Keyashian arrived where he witnessed her becoming agitated with subjective complaints of not feeling well. She then became unresponsive. Chest compressions were initiated after Dr. Keyashian determined she had no pulse and was placed on a nonrebreather with oxygen saturation. ABG's were drawn and an EKG repeated at 1317 which was significantly worse suggesting acute anterior injury and a right bundle branch block was also detected. Mrs. Lee was transferred to ICU at 1325, she arrived at 1332 and was immediately noted to be in pulseless electrical activity and respiratory efforts began and lasted until 1442. She failed to respond even though she was ventilated throughout her ICU course; Mrs. Lee was later to be diagnosed as having severe anoxic encephalopathy in addition to the myocardial infarction. She was determined to be brain dead and on October 16, 2003 life support efforts were terminated and she was pronounced dead at 1112.

## XII.

Cooper Clinic, by and through Dr. Keyashian (as employer, agent and individually) actions/inactions violated the applicable standard of care due in the following respects:

(1) Failed to timely follow up (thereby reading or having read to him the EKG results) on his order for the EKG at 0945 on October 14, 2003.

(2) Failed to order appropriate preventative actions such as nitroglycerin, aspirin by mouth, supplement oxygen, thrombolytics, transfer to the cardiac care unit for more intensive monitoring and cardiology consultation.

(3) Failed to take any action within an acceptable time period, to treat Mrs. Lee's medical condition reflected on the EKG he ordered to be obtained at 0945 and completed at approximately 1019 on October 14, 2003.

Those actions/inactions are/were a violation of the applicable standard of care and were a cause in fact of Mrs. Lee's death.

XIII.

St. Edward by and through its agents/employees and/or as an entity itself violated the applicable standard of care in the following respects:

(1) Failed to provide a qualified RN to care for Mrs. Lee.

(2) Improperly allowed an LPN to provide care without adequate supervision and/or an RN assessment.

(3) Failed to provide supportive measures.

(4) Failed to properly monitor.

(5) Failed to provide appropriate oxygen.

(6) Failed to report untoward events in Mrs. Lee's condition to a qualified physician.

(7) Failed to notify Dr. Keyashian of the EKG results which was performed at approximately 1019.

(8) Failed to provide qualified nursing care, treatment and advocate her condition to physicians responsible for her care.

The acts of negligence of all the named Defendant's fell below the applicable standard of care and were a direct and proximate cause of the injuries and damages sustained by Mrs. Lee and the death of Mrs. Lee.

XIV.

As a direct result of the negligence of the Defendant's, individually and jointly and severally, Mrs. Lee sustained serious injuries both temporary and permanent, she experienced pain, suffering and mental anguish up until the time of her death, and the loss of her life due to Defendants' negligence, all for which Plaintiff, on behalf of the Estate should recover monetary damages in an amount in excess of $75,000.00. The Estate and each wrongful death beneficiary should recover money damages in an amount to be determined by a jury for all damages recoverable pursuant to Arkansas law.

XV.

In accordance with Arkansas Code Annotated §16-114-209(b)(1) attached are Affidavits from William H. Durham, M.D. as Exhibit "B" and Amy Hester, RN as Exhibit "C".

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that she recover from the Defendants, individually and jointly and separately, and in accordance with their fault as assessed by a jury at a trial of this cause, a sum of money that will reasonably and fairly compensate the Estate of Juanita Velma Lee, Plaintiff, individually, and Plaintiff on behalf of all the wrongful death beneficiaries, for all damages sustained as set forth above; for her costs and expenses incurred; and for all other just and proper relief to which she may show herself entitled.

        Gary L. Brooks, OBA #1162
        GARY L. BROOKS & ASSOCIATES
        7100 N. Classen Blvd., Suite 300
        Oklahoma City, OK 73116
        405-840-1066
        405-843-8446 – fax

        And

        Bennett S. Nolan, ABA #78120
        Bill D. Reynolds, ABA #92021
        NOLAN, CADDELL & REYNOLDS PA
        PO Box 184
        122 N. 11th Street
        Fort Smith AR 72902-0184
        479-782-5297
        479-782-5184 - fax

PLAINTIFF DEMANDS TRIAL BY JURY.